| | |
|---|---|
| JEREMY SESSUMS, INDIVIDUALLY, AND AS NEXT OF FRIEND OF J.S., M.S. AND H.S. | UNITED STATES DISTRICT COURT |
| VERSUS | EASTERN DISTRICT OF LOUISIANA |
| SHELL USA, INC., SHELL GAS PIPELINE COMPANY, SHELL OFFSHORE, INC., DANOS, LLC, SAFETY MANAGEMENT SYSTEMS, LLC, DOYE SEPULVEDA AND DAVID BOUDREAUX | CIVIL: 2:24-CV-104 |

## AMENDED COMPLAINT FOR DAMAGES

Jeremy Sessums, a resident of the State of Mississippi, individually and as Next of Friend to three minor children named J.S., M.S. and H.S. (hereinafter referred to as "Plaintiff" and "Plaintiffs") submits the following Complaint For Damages.

1. Made Defendants herein are:

    A. Shell USA, Inc. formerly known as Shell Oil Company (hereinafter referred to as "Pipeline Owner") a Delaware entity with its principal place of business in Texas that can be served through its registered agent named The Corporation Trust Company located at Corporation Trust Center at 1209 Orange Street; Wilmington, Delaware 19801;

    B. Shell Gas Pipeline Company (hereinafter referred to as "Platform Owner"), a Delaware entity with its principal place of business in Texas that can be served through its registered agent named The Corporation Trust Company located at Corporation Trust Center at 1209 Orange Street; Wilmington, Delaware 19801;

    C. Shell Offshore Inc. (hereinafter referred to as "Platform Operator") a Delaware entity with its principal place of business in Texas that can be served through its registered agent named The Corporation Trust Company located at Corporation Trust Center at 1209 Orange Street; Wilmington, Delaware 19801;

    D. Danos, LLC (hereinafter referred to as "HLO"), a Louisiana entity with its principal place of business in Louisiana that can be served through its registered agent named Capitol Corporate Services, Inc. located at 8550 United Plaza Building II, Suite 305 in Baton Rouge, Louisiana 70809;

    E. Safety Management Systems, L.L.C. (hereinafter referred to as "Safety Company"), a Louisiana entity with its principal place of business in Louisiana that can be served through its registered agent named Allyson Pharr at 2916 N. University Avenue, Building G, in Lafayette, Louisiana 70507;

    F. Doye Sepulveda (hereinafter referred to as "Company Man"), a Louisiana resident that can be served at 342 Chay Loop in Noble, Louisiana 71462;

    G. David Boudreaux (hereinafter referred to as "Rig Safety Representative"), a Louisiana resident that can be served at 4916 Maplewood Dr. in Sulphur, Louisiana 70663;

2. This claim is brought and arises under the Outer Continental Shelf Lands Act, 43 U.S.C. Section 1331, *et seq.* and under Louisiana Law pursuant to the doctrine of pendant and/or

ancillary jurisdiction; further, these claims arise under 28 USC §1332 due to the diversity of citizenship of the parties.

3. The amount in controversy exceeds $75,000 due to the neck, back and head injuries suffered by Plaintiff resulting in her surgical procedures with medical bills exceeding the diversity of citizenship's jurisdictional limit.

4. Defendants maintain offices and transact business within the geographical boundaries of this Court and a substantial part of the acts or omissions giving rise to this claim occurred in this judicial district.

5. On or about January 10, 2023, and at all material times herein, Plaintiff was employed By Helmerich & Payne, Inc. (hereinafter referred to as "H&P") as a roustabout.

6. H&P is an American petroleum contract drilling company engaged in oil and gas well drilling and related services for exploration and production companies such as Pipeline Owner and Operator.

7. Pipeline Owner owns 320 miles of offshore pipeline in the Gulf of Mexico and supervises and runs various pipeline projects for oil and gas exploration and production.

8. Platform Owner is the owner of a tension-leg platform on the Auger pipeline located in the Gulf of Mexico in the Garden Banks area in Block Number 426 south of Cameron Parish, Louisiana (hereinafter referred to as "the rig").

9. The Auger pipeline is a 36-mile, 12-inch diameter line to gather gas produced by Platform Operator from its deepwater Auger prospect in four blocks of the Garden Banks area; the line extends from the Garden Banks Block 426 platform to interconnect with ANR Pipeline in Vermilion Block 397.

10. Platform Operator is responsible for the operating and supervising the oil and gas drilling process on the rig.

11. Company Man was the Pipeline Owner's onsite representative with extensive knowledge the drilling operations and was empowered and responsible for coordinating, supervising and carrying out the drilling program through the drilling contractor and various service companies in an efficient and safe manner as Pipeline Owner's sole onsite representative.

12. Rig Safety Representative was the Platform Owner and Platform Operator's representative in all safety matters on the rig; including compliance with all safety regulations and requirements by all contractors and identification, education and enforcement of Platform Owner and Platform Operator's—all and all other—safety standards by performing and conducting safety inspections on the rig for both drilling operations and overall rig operations; including both personnel departure and arrival.

13. The HLO, or Helicopter Landing Officer, was the most vital part of the operating team for the rig's offshore helideck and was retained and contracted by Platform Operator to supervise, coordinate and be responsible for ensuring the safety of all personnel traveling to or from the rig using a helicopter; including, personnel movements to and from the helicopter by commanding a team of Helideck Assistants (hereinafter referred to as "HDA") to conduct passenger and freight handling, helicopter safety and fire and rescue.

14. On or about January 10, 2023, and at all material times herein, Platform Operator was contracted with H&P to provide certain work; including the performance of oil and gas drilling operations, aboard the rig.

15. Plaintiff was transported to the rig by helicopter from Houma, Louisiana.

16. Pipeline Owner's onsite operations were supervised by its representative, Company Man.

17. Platform Owner and Platform Operator contracted with Safety Company to perform all safety related functions aboard the rig and Safety Company sent its representative named Rig Safety Representative to carry out these duties.

18. Rig Safety Representative was employed by Safety Company and responsible for ensuring all operations aboard the rig were conducted in a safe fashion in accordance with the applicable federal, state and company safety standards.

19. On or about January 10, 2023, while working the 6am-6pm tour, Plaintiff performed his duties as roustabout until around 11am when the helideck's Deck Coordinator requested that Plaintiff go and "work the choppers."

20. HLO did not perform any Job Safety Analysis prior to beginning the job.

21. HLO ordered Plaintiff to place the chocks on the wheels.

22. Plaintiff never previously placed wheel chocks on a helicopter and was not trained to do so and during the process injured himself.

23. The accident and injuries to Plaintiff were caused by the acts and/or omissions of Defendants in the following non-exclusive particulars:

    A. Failing to discover an unreasonably dangerous condition which caused damages and injuries to the plaintiff;

    B. Failing to correct an unreasonably dangerous condition which caused damages and injuries to the plaintiff;

    C. Failing to know what it should have known and do what it should have done to avoid exposing the plaintiff to an unreasonable risk of harm;

    D. Failing to properly plan the work performed; Failing to safely plan the work performed;

    E. Failing to provide sufficient personnel for the work performed;

    F. Failing to provide experienced personnel for the work performed;

    G. Failing to provide an adequate work environment in which employees could safely perform the work for which they had been contracted;

    H. Failing to supervise;

    I. Failing to train;

    J. Failing to properly instruct;

    K. Failing to safely instruct;

    L. Failing to warn of unsafe conditions;

    M. Failing to follow applicable safety guidelines and regulations;

    N. Failing to comply with working time regulations;

    O. Failing to discover hazardous conditions aboard the rig;

    P. Failure to warn of known hazardous conditions aboard the rig;

    Q. Failure to intervene to correct unsafe and hazardous conditions aboard the rig;

    R. Other acts and/or omissions which may be shown at trial on this matter.

24. Plaintiff itemizes his past, present and future damages to include, but not be limited to, the following:

    A.    Past and Future Medical Expenses;

    B.    Loss of earnings and impaired earning capacity;

    C.    Physical pain and suffering;

    D.    Humiliation;

    E.    Shame;

    F.    Embarrassment;

    G.    Isolation;

    H.    Despair;

    I.    Loss of Mobility;

    J.    Mental distress, worry and anxiety;

    K.    Emotional trauma and insecurity;

    L.    Permanent disability and inconvenience;

    M.    Scarring and disfigurement;

    N.    Loss of enjoyment of life;

    O.    Legal interest from the date of judicial demand; and

    P.    All cost of court and expenses incurred in the prosecution of litigation.

25.    As a result of the physical injuries sustained by their father, J.S., M.S. and H.S. sustained a loss of consortium, society, companionship and services, entitling them to bring this cause of action for their own damages.

WHEREFORE, Plaintiff prays that:

    A.    Defendants be duly summoned and served with a copy of this Complaint For Damages;

    ~~B.~~    After all legal delays and due proceedings be had, there be judgment rendered herein in favor of Plaintiff and against Defendants, jointly, severally and *in solido*, in the full and true sum of an amount reasonable in the premises plus legal interest thereon from the date of incident until paid, for all costs of these proceedings and all other equitable and just relief; and that

    C.    Plaintiff be given Notice of Judgment, Trial and all steps and action taken in this litigation under Federal Rules of Civil Procedure.

*Respectfully:*

PATRICK DANIEL LAW

*[signature]*

PATRICK DANIEL

Trial Attorney    Plaintiff's Counsel
Louisiana Bar Roll Number 27753   Texas Bar Roll Number 24089305
MAILING|7941 KATY FREEWAY, #791; HOUSTON, TEXAS 77024
PHYSICAL|4801 WOODWAY DRIVE, SUITE 440-W; HOUSTON, TEXAS 77056

TELEPHONE: 713.999.6666     TELEFAX: 713.481.9884     ELECTRONIC MAIL:
[patrick@patrickdaniellaw.com](mailto:patrick@patrickdaniellaw.com)