| | |
|---|---|
| JEREMY SESSUMS, ET AL | UNITED STATES DISTRICT COURT |
| VERSUS | EASTERN DISTRICT OF LOUISIANA |
| SHELL USA, INC., ET AL | CIVIL: 2:24-cv-00104/LEMELLE-NORTH |

**OPPOSITION TO MOTION TO DISMISS-MORE DEFINITE STATEMENT**

Plaintiffs respectfully submit the following Opposition to Shell Defendants' Motion To Dismiss-More Definite Statement. Specifically, Defendants assert Plaintiffs failed to assert valid claims against it despite clear awareness as to its role in the subject litigation.

Defendants have enough facts to enable it to identify the incident complained of and conduct an investigation, all as more fully identified in the accompanying memorandum.

**I.      Defendants' allegations that they cannot defend this lawsuit runs contrary to the information provided in even their response, much less the documents they have that will be the subject of discovery, making their motion baseless.**

  A.      Plaintiffs' Petition Gives Required Notice Sufficient to Draw a Reasonable Inference Defendants are Liable.

Federal Courts apply a notice, not fact, pleading standard.[1] Pleadings serve as a way to notify the parties of general issues in a case. This allows parties drafting pleadings to state their claims in general terms without alleging detailed facts to support each claim and without worrying about technical details.[2]

Plaintiffs have filed a well-pleaded complaint. "The notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision."[3] Further, "Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible short and plain statement of the plaintiff's claim, not an exposition of [his] legal argument."[4] "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[5] Plaintiffs' Complaint plainly states how, when and where he was Injured and adequately states the grounds for liability. As such, Plaintiffs have given Defendants fair notice and has satisfied Fed. R. Civ. P. 8.

---

[1] *See* Fed. R. Civ. 7-10.
[2] *See* Fed. R. Civ. 7-10.
[3] *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. 2008) (citations omitted).
[4] *Skinner v. Switzer*, 562 U. S. 521, 131 S. Ct. 1289, 1296 (2011).
[5] *Campbell v. Sturdivant*, No. 3:20-CV-00068, at *5 (W.D. La. Nov. 25, 2020) (quoting *Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007)).

"A motion to dismiss for failure to state a claim under Rule 12(b)(6) is disfavored in the law and rarely granted."[6] "The complaint will only be dismissed if it appears *beyond doubt* that the claimant can prove no set of facts in support of its claim that would entitle it to relief."[7] "The relevant question is not whether the claimant will prevail but whether it is entitled to offer evidence to support its claims."[8]

"A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." A court "must . . . accept all factual allegations in the complaint as true" and "must draw all reasonable inferences in the plaintiff's favor."[9] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[10] "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

Here, Plaintiffs have pled more than sufficient facts for the court to draw a reasonable inference Defendants are liable. Plaintiffs' gave the date, location, and time of day of the incident; the activities Plaintiff Jeremy Sessums was engaged in when the incident occurred; the people he was working with; and the operations of the Auger platform where the incident occurred. Most importantly, Plaintiffs pled facts as to how, to his best ability to describe, the subject incident occurred, and Plaintiffs were injured. These facts are sufficient to allow the inference Defendants' will be liable for Plaintiffs' claims.

Moreover, Plaintiffs quite clearly identify Defendants' role in Plaintiffs' injuries. Plaintiffs specifically pled that Shell USA, Inc. owned and operated the Auger platform pipeline; Shell Gas Pipeline

---

[6] *See Thompson v. Goetzmann*, 337 F.3d 489, 495 (5th Cir. 2003); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).
[7] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007); *Ashcroft v. Iqbal* 129 S.Ct. 1937 (2009); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.), *cert. denied*, 513 U.S. 868, 115 S. Ct. 189, 130 L. Ed. 2d 122 (1994).
[8] *See Cross Timbers Concerned Citizens v. Saginaw*, 991 F.Supp. 563, 571 (N.D.Tex. 1997); *Delhomme v. Caremark Rx, Inc.*, 232 F.R.D. 573, 577 (N.D. Tex. 2005).
[9] *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex.*, 2011 U.S. Dist. LEXIS 113424, at *9 (E.D. La. Sep. 30, 2011)(quoting *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009)).
[10] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007).
[11] *Inclusive Cmtys. Project v. Lincoln Prop. Co.,* 920 F.3d 890, 899 (5th Cir. 2019)(citing *Iqbal*, 556 U.S. at 679; *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008)(degree of required specificity depends on context, i.e., the type of claim at issue)).

Company owned the Auger platform; Shell Offshore, Inc. operated the Auger platform; Doye Sepulveda coordinated the drilling operations on the Auger platform; and David Boudreaux supervised rig safety on the Auger platform where Plaintiff Jeremy Sessums was harmed. Plaintiffs specifically pled he was harmed by a defect or vice in operations of the Auger platform and its helideck.

Plaintiffs identified that there was an overt lack of congruency and consistency with the safety, supervision and oversight by the Defendants' employees and the Company men they employed and supervised. Namely, a failure to observe the operations and some with requisite experience in place to supervise the operations.

Plaintiffs are entitled to conduct discovery to identify the names and specific roles as well as job descriptions and policies and procedures for Defendants' and its various employees and contractors that were under its control.

The federal rules do not require a plaintiff to be an expert and acknowledge that often due to the circumstances they find themselves in, plaintiffs may not be the best authority to speak to what went wrong. This is why the pleading requirement only asks plaintiffs to put the defendants on notice of the complained of acts or omissions and provide enough facts to allow a reasonable inference Shell, Doye Sepulveda and David Boudreaux are liable for the misconduct pled in the complaint.

Here, Plaintiffs have done so as shown above, but Plaintiffs went further and pled a list of specific ways in which Defendants acted or failed to act in causing or contributing to Plaintiff's injuries.

> 23. The accident and injuries to Plaintiff were caused by the acts and/or omissions of Defendants in the following non-exclusive particulars:
>    A. Failing to discover an unreasonably dangerous condition which caused damages and injuries to the plaintiff;
>    B. Failing to correct an unreasonably dangerous condition which caused damages and injuries to the plaintiff;
>    C. Failing to know what it should have known and do what it should have done to avoid exposing the plaintiff to an unreasonable risk of harm;
>    D. Failing to properly plan the work performed; Failing to safely plan the work performed;
>    E. Failing to provide sufficient personnel for the work performed;
>    F. Failing to provide experienced personnel for the work performed;
>    G. Failing to provide an adequate work environment in which employees could safely perform the work for which they had been contracted;
>    H. Failing to supervise;
>    I. Failing to train;
>    J. Failing to properly instruct;
>    K. Failing to safely instruct;
>    L. Failing to warn of unsafe conditions;
>    M. Failing to follow applicable safety guidelines and regulations;
>    N. Failing to comply with working time regulations;
>    O. Failing to discover hazardous conditions aboard the rig;
>    P. Failure to warn of known hazardous conditions aboard the rig;
>    Q. Failure to intervene to correct unsafe and hazardous conditions aboard the rig;
>    R. Other acts and/or omissions which may be shown at trial on this matter.

In the context of Plaintiffs' claims, the facts pled put Defendants on notice Plaintiffs complain of both: 1) the conditions of the premises of the Auger; and 2) the negligence of Defendants' in failing to discover, warn and intervene to correct hazardous conditions onboard the Auger.

B.  <u>OCSLA Applies, under which both Federal and State Law Claims Are Available to Plaintiffs.</u>

Plaintiffs have alleged an injury which states a cause of action under both federal and state law. The Outer Continental Shelf Lands Act's ("OCSLA") jurisdictional statute states: "The district courts of the

United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals."[12] Under the OCSLA, both state law negligence and premises liability claims.

OCSLA provides a federal cause of action for incidents arising on the outer continental shelf, and also extends federal substantive law to cover these incidents.[13] The Act borrows from state law to fill any gaps in federal law "to the extent that [state law is] applicable and not inconsistent with this subchapter or with other Federal laws and regulations."[14] "The Outer Continental Shelf Lands Act mandates that when disputes arise involving fixed structures erected on the outer Continental Shelf, applicable laws of the adjacent state will be applied to the extent not inconsistent with other federal laws and regulations."[15] Additionally, "an employee may sue his employer qua vessel if he was injured as a result of the vessel's negligence" under the Longshore and Harbor Worker's Compensation Act.[16] There is no law Defendants can point to that would dismiss valid state and federal causes of action.

    C.    <u>Plaintiffs Are Alternatively Entitled to Amend Their Petition.</u>

The purpose of Rule 12(e) is to strike at unintelligibility rather than want of detail and therefore motion for more definite statement must be denied where complaint is not so vague or ambiguous as to make it unreasonable to use pre-trial devices to fill any possible gaps in detail.[17] As stated above, Plaintiffs provided Defendants with a recitation of the facts to the best of his ability as a non-expert who could not simultaneously be swung around the platform of the Auger and also be observing the action from afar.

---

[12] 43 U.S.C. § 1349(b)(1)(A). *See also Cutler v. BP (In re Oil Spill)*, 2012 U.S. Dist. LEXIS 143764, at *10-11 (E.D. La. Oct. 4, 2012).
[13] *See* 43 U.S.C. § 1333(a)(1); *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 349 (5 Cir. 1999).
[14] 43 U.S.C. § 1333(a)(2)(A).
[15] *Coulter v. Texaco, Inc.*, 117 F.3d 909, 911 (5th Cir. 1997).
[16] *See Napoli v.. Hellenic Lines, Ltd*., 1976 AMC 551, 536 F.2d 505 (2 Cir., 1976); *Griffith v. Wheeling Pittsburgh Steel Corp.*, 1975 AMC 2527, 521 F.2d 31(3 Cir., 1975), *cert. denied*, 423 U.S. 1054, 1976 AMC 1499 (1976); *See also Anuszewski v. Dynamic Mariners Corp., Panama*, 540 F.2d 757, 758 (4th Cir. 1976), cert. denied, 429 U.S. 1098, 97 S.Ct. 1116, 51 L.Ed.2d 545 (1977)(liability of a ship to those employed to work aboard it is no different from that of the owner of land-based property to the employees of an independent contractor employed to perform work on such property.).
[17] *See Nelson v. Quimby Island Reclamation Dist. Facilities Corp.*, 491 F. Supp. 1364, Fed. Sec. L. Rep. (CCH) ¶ 97269, Fed. Sec. L. Rep. (CCH) ¶ 97269, 1980 U.S. Dist. LEXIS 10166 (N.D. Cal. 1980).

The answer as to the mechanics, failures, and condition of the Auger is unknown because no discovery has been conducted.

Plaintiffs are entitled to receive Defendants' Initial Disclosures which would include contracts, incident reports and other basic information to clarify any allegations that are perceived to be factually insufficient.

Alternatively, "if it appears that a more carefully drafted pleading might state a claim upon which relief could be granted, the court should give the claimant an opportunity to amend his claim rather than dismiss it."[18] Likewise, "leave to amend a pleading should be freely given and should be granted unless there is some justification for refusal."[19] "A complaint sought to be dismissed under Rule 12(b)(6) may generally be amended to cure its deficiencies."[20] To the extent Plaintiffs may be able to provide clarification, Plaintiffs should be allowed to amend their complaint.[21]

II. **Plaintiffs request this Honorable Court deny this motion and at minimum, allow Plaintiffs to amend the Complaint.**

Simply put, Plaintiffs' Complaint is a clear concise recitation of the facts available to Plaintiffs prior to discovery. Alternatively, Plaintiffs should be allowed to amend to clarify following production of Initial Disclosures in this matter. Plaintiffs therefore pray that Defendants' Motion is denied and for any and all other equitable and just relief to which Plaintiffs are entitled.

---

[18] *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 608-09 (N.D. Tex. 2006) (Fish, C.J.)(citing *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir.1985); *accord Taylor v. Dall. Cty. Hosp. Dist.*, 976 F. Supp. 437, 438 (N.D. Tex. 1996) (Fish, J.).
[19] *Kennard*, 420 F. Supp. 2d at 609 (quoting *U.S. ex rel Willard v. Humana Health Plan of Tex.*, 336 F.3d 375, 386 (5th Cir 2003)).
[20] *LaFosse v. Anadarko Petroleum Corp.*, 2016 U.S. Dist. LEXIS 86026, at *11 (W.D. La. June 6, 2016)
[21] *See*, *e.g.*, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex.*, 2011 U.S. Dist. LEXIS 113424, at *36 (E.D. La. Sep. 30, 2011).

Respectfully:
**PATRICK DANIEL LAW**

PATRICK DANIEL
Trial Attorney    Counsel For Plaintiff(s)

| Louisiana Bar Number 27753 | Texas Bar Number 24089305 | Wisconsin Bar Number:1117666 |

CERTIFICATE OF SERVICE
This pleading was served on all counsel of record via electronic mail

MAILING|7941 KATY FREEWAY, BOX 791; HOUSTON, TEXAS 77024
PHYSICAL|4801 WOODWAY DRIVE, SUITE 440-W, HOUSTON, TEXAS 77056

| TELEPHONE: 713.999.6666 | TELEFAX: 713.481.9884 | patrick@patrickdaniellaw.com |

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANK KEVIN KENNEDY, JACOB KENNEDY, AND KRISTEN KENNEDY **Plaintiffs,**<br><br>vs.<br><br>SHELL USA, INC., SHELL OIL COMPANY, SHELL EXPLORATION AND PRODUCTION CO., SHELL OFFSHORE, INC., HELMERICH & PAYNE, INC., HELMERICH & PAYNE INTERNATIONAL DRILLINK CO., HELMERICH & PAYNE OFFSHORE, LLC, JAY HOLLIS, ALLEN ROLLINS, AND CLAIRE DOE **Defendants.** | CIVIL ACTION NO. 2:22-cv-04591<br><br>DISTRICT JUDGE:<br>   NANNETTE JOLIVETTE BROWN<br><br>MAGISTRATE:<br>   DONNA PHILLIPS CURRAULT |

### SHELL DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS OR, IN THE ALTERNATIVE, RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT

NOW INTO COURT, through undersigned counsel, come Defendants, Shell USA, Inc. (formerly known as Shell Oil Company), Shell Offshore Inc., Shell Exploration & Production Company, and Joseph "Jay" Hollis (hereinafter collectively referred to as "Shell Defendants") which move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiffs' claims asserted against Shell Defendants or, in the alternative, pursuant to Rule 12(e) for a more definite statement. As more fully explained in the accompanying Memorandum in Support, Plaintiffs' allegations lack the factual content necessary to create the inference that any of the Shell Defendants are liable.

WHEREFORE, Plaintiffs have failed to meet the federal pleading standard, their claims fail as a matter of law, and Shell Defendants pray that this Court dismiss Plaintiffs' claims against them with prejudice.

Dated: March 10, 2023            Respectfully submitted,

**KUCHLER POLK WEINER, LLC**

*/s/ Mark E. Best*
JANIKA D. POLK (#27608) T.A.
MARK E. BEST (#29090)
1615 Poydras Street, Suite 1300
New Orleans, Louisiana 70112
Telephone: (504) 592-0691
Facsimile: (844) 731-2302
jpolk@kuchlerpolk.com
mbest@kuchlerpolk.com
***Attorneys for Defendants, Shell USA, Inc. (formerly known as Shell Oil Company), Shell Offshore Inc., Shell Exploration & Production Company, and Joseph "Jay" Hollis.***

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANK KEVIN KENNEDY, JACOB KENNEDY, AND KRISTEN KENNEDY<br>Plaintiffs,<br><br>vs.<br><br>SHELL USA, INC., SHELL OIL COMPANY, SHELL EXPLORATION AND PRODUCTION CO., SHELL OFFSHORE, INC., HELMERICH & PAYNE, INC., HELMERICH & PAYNE INTERNATIONAL DRILLINK CO., HELMERICH & PAYNE OFFSHORE, LLC, JAY HOLLIS, ALLEN ROLLINS, AND CLAIRE DOE<br>Defendants. | CIVIL ACTION NO. 2:22-cv-04591<br><br>DISTRICT JUDGE:<br>   NANNETTE JOLIVETTE BROWN<br><br>MAGISTRATE:<br>   DONNA PHILLIPS CURRAULT |

**SHELL DEFENDANTS' MEMORANDUM IN SUPPORT OF
RULE 12(b)(6) MOTION TO DISMISS OR, IN THE ALTERNATIVE,
RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT**

NOW INTO COURT, through undersigned counsel, come Defendants, Shell USA, Inc. (formerly known as Shell Oil Company), Shell Offshore Inc., Shell Exploration & Production Company, and Joseph "Jay" Hollis (hereinafter collectively referred to as "Shell Defendants") which, in response to Plaintiffs' Complaint, submit this Memorandum in Support of their Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims Asserted against Shell Defendants or, in the Alternative, Rule 12(e) Motion for a More Definite Statement.

Plaintiffs attempt to assert claims for negligence (and possibly premises liability) against Shell Defendants, but the allegations in the Complaint are woefully insufficient to provide a facially plausible claim against any of them. The Complaint alleges that Plaintiff was injured

while working on an offshore platform and the Shell Defendants are at fault, but Plaintiff fails to provide any factual allegations showing that any legal duties were breached by Shell Defendants causing the alleged injury. Dismissal of all claims against Shell Defendants is therefore appropriate.

Additionally, because the accident occurred on a platform permanently fixed to the sea floor on the Outer Continental Shelf, and not on a vessel, Plaintiffs' assertions of seaman status and applicability of the Jones Act and general maritime law are misplaced. Those claims should be dismissed with prejudice.

In the alternative, and only in the event the Court declines to dismiss Plaintiffs' claims, Shell Defendants request a more definite statement pursuant to Rule 12(e).

## I. INTRODUCTION

According to the Complaint, "on or about November 27, 2021," Plaintiff Frank Kevin Kennedy ("Plaintiff") was working aboard Shell Offshore Inc.'s PERDIDO spar, a permanently fixed platform located on the Outer Continental Shelf of the Gulf of Mexico off the coast of Texas.[1] At that time, it is alleged that Plaintiff was employed as a "floor hand" by the Helmerich & Payne entities identified in the Complaint.[2] Plaintiff claims to have sustained injuries while being "hoisted up by a man rider" when "his secondary cable" became tangled.[3] Plaintiff's conclusory allegations state that his injuries were caused "as a result of a defect or vice in the condition of the vessel and/or the negligence of Defendants and their agents, representatives and

---

[1] R. Doc. 1 at 2, ¶¶ 4, 11. This Court may take judicial notice of public records of the Bureau of Ocean Energy Management listing "Permanent Deepwater Structures" showing "A(Perdido)" SPAR owned by "Shell Offshore Inc." located in Block 857: https://www.data.boem.gov/Other/DataTables/PermDeepStruc.aspx.; "Perdido is the world's deepest spar, and the second-deepest oil and gas production hub after Shell's Stones development. Moored in around 2,450 metres (8,000 feet) of water in the US Gulf of Mexico, Perdido started production in 2010, opening up a new frontier in deep-water oil and gas recovery." https://www.shell.com/about-us/major-projects/perdido.html.
[2] R. Doc. 1 at 1, ¶¶ 1(E, F, G); at 2, ¶ 5; and, at 3, ¶ 11.
[3] *Id*. at 3, ¶ 11.

employees."[4]

The Complaint contains no specific factual allegations pertaining to any alleged acts or omissions of named Defendants Shell USA, Inc. (formerly known as Shell Oil Company) or Shell Exploration and Production Co.[5] The Complaint identifies Defendant Shell Offshore Inc. as "Vessel Owner/Operator," and alleges its state of incorporation and principle business office, but provides no specific factual allegations concerning any basis for its liability.[6] And finally, the Complaint identifies Joseph Hollis as one of three separate Defendants that Plaintiff simultaneously dubs "Company Man,"[7] a moniker used to describe a singular person who was "in charge of overseeing the entire disassembly operation."[8] The Complaint contains no allegations of fact concerning specific acts or omissions of the so-called "Company Man," let alone Joseph Hollis.

## II.  RULE 12(b)(6) STANDARD

This Honorable Court recently stated the standard applicable to Rule 12(b)(6) Motions to Dismiss in *Kronlage Family Ltd. P'ship v. Eagan Ins. Agency*, LLC, CV 22-959, 2023 WL 2018019, at *3–4 (E.D. La. Feb. 15, 2023) (internal citations omitted):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" "Factual allegations must be enough to raise a right to relief above the speculative level." A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."
>
> On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true. However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.

---

[4] *Id*.
[5] *Id*. at 1, ¶¶ 1(A, B, C) (alleging only states of incorporation and principle business offices).
[6] *Id*. at 1, ¶ 1(D); at 2, ¶ 4.
[7] *Id*. at 1, ¶¶ 1(H, I); 2 at ¶¶ 8, 9.
[8] *Id*. at 2, ¶10.

3

> "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation." From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims. If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.

### III. LAW AND ANALYSIS

The subject Complaint is a set of threadbare recitals of the elements of a cause of action, supported by mere conclusory statements and is therefore insufficient to state a cause of action against any of the Shell Defendants.

### A. This Court has jurisdiction, and Texas State Law applies as surrogate federal law, pursuant to the OCSLA.

The Outer Continental Shelf Lands Act (OCSLA) gives federal district courts original "jurisdiction of cases and controversies arising out of, or in connection with ... any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf[.]" 43 U.S.C. § 1349(b)(1). "The Fifth Circuit has interpreted this language as straightforward and broad." *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014). Moreover, because jurisdiction is invested in the [federal] district courts by this statute, a plaintiff does not need to expressly invoke OCSLA in order for it to apply. *Id*. (*quoting Barker v. Hercules Offshore, Inc*., 713 F.3d

4

208, 213 (5th Cir. 2013)). Pursuant to OCSLA, Texas state law generally applies in tort cases arising on fixed platforms off the coast of Texas.[9]

### B. Plaintiff's non-specific allegations state no cause of action as to Shell Defendants.

Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach.[10] To prevail on a premises liability claim, a Texas plaintiff must prove four elements: (1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner or occupier's failure to use such care proximately caused the plaintiff's injury.[11] The instant Complaint contains no factual allegations supporting a negligence or premises liability cause of action against any of the Shell Defendants.

First, the factual allegations in the Complaint simply do not connect Defendants Shell USA, Inc. (formerly known as Shell Oil Company) or Shell Exploration and Production Co. to the alleged accident in any way. As to these two defendants, the Complaint provides only their states of incorporation and principle places of business. These entities are not alleged to have had any presence on the PERDIDO spar platform, and there are no specific factual allegations suggesting that either entity owned the PERDIDO or committed acts or omissions related to

---

[9] *See e.g., generally, Lafosse v. Anadarko Petroleum Corp.*, 6:16-CV-00364, 2018 WL 1412786, at *3–4 (W.D. La. Feb. 28, 2018), report and recommendation adopted, 6:16-CV-00364, 2018 WL 1404412 (W.D. La. Mar. 20, 2018) ([The] spar is an oil and gas production platform with no means of propulsion that is attached to the seabed off the coast of Texas, and it is not a vessel…federal maritime law does not apply on its own…the Fifth Circuit has expressly held that even when the plaintiff is covered under the LHWCA, (as is the case here by operation of OCSLA) and state law provides the substantive cause of action against a third party, i.e. the defendant here with no involvement of a vessel, state law also governs the question of whether proportionate liability rather than joint-and-several liability applies, and there is no inconsistency with federal law. Therefore, the third requirement for the application of Texas law is satisfied.")
[10] *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex.1998).
[11] *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000).

5

Plaintiff's alleged injuries. Accordingly, the Complaint fails to state a valid cause of action against either of them.

Next, as to Defendant Shell Offshore Inc., Plaintiff merely alleges that it owns the PERDIDO spar.[12] Non-specific and conclusory allegations suggest that Plaintiff may be attempting to assert a premises liability claim for "a defect or vice in the condition of [a] vessel,"[13] but the PERDIDO spar platform is not a vessel[14] and no specific defect or vice thereon is alleged. Moreover, there are no specific factual allegations suggesting that Shell Offshore Inc. committed acts or omissions related to Plaintiff's alleged injuries. As such, no plausible claim is asserted against Shell Offshore Inc. either.

Finally, as to Defendant Joseph Hollis, Plaintiff specifically alleges only his address and the fact that he was "moved to work the day shift."[15] Remaining factual allegations concerning the "Company Man" could pertain to other named Defendants carrying Plaintiff's chosen moniker.[16] Hollis is not alleged to have committed any particular act or omission causally related to Plaintiff's alleged injuries.

For these reasons, Plaintiff's Complaint does not state valid causes of action against any of the Shell Defendants and each of them is entitled to dismissal.

C. **PERDIDO is not a vessel and Plaintiff is not a seaman, therefore Plaintiff's Jones Act and General Maritime Law causes of action fail**.

Plaintiff asserts claims under the "Jones Act" and the "General Maritime Law of the United States of America."[17] On this basis, he seeks maintenance and cure from his "Employer"

---

[12] R. Doc. 1 at 2, ¶ 4.
[13] *Id*. at 3, ¶ 11.
[14] *See* fn. 1, *supra*.
[15] R. Doc. 1 at 1, ¶¶ 1(H); at 2 ¶ 9.
[16] R. Doc. 1 at 2, ¶¶ 8-10.
[17] R. Doc. 1 at 2, ¶ 2; at 4, ¶ 16; and, at 5, ¶¶ 17-18.

and punitive damages and attorneys' fees from all "Defendants."[18] However, the allegations of fact in the Complaint are insufficient to support maritime causes of action.

The Jones Act grants "a seaman" a cause of action against his employer in negligence. 46 U.S.C. § 30104. In *Herrin v. Tri-State Envtl., LLC*, another Eastern District of Louisiana District Judge summarized the seaman status test as follows:

> Only seamen may make claims under the Jones Act, though Congress did not provide a statutory definition within the act. Instead, jurisprudence provides a two prong test regarding who qualifies as a seaman under the Jones Act. First, the plaintiff must demonstrate that his duties "contribute to the function of the vessel or to the accomplishment of its mission." In order to satisfy the first prong, a plaintiff must simply "show that he 'do[es] the ship's work'" which includes "all who work at sea in the service of a ship." Second, the plaintiff must have a "connection to a vessel in navigation (or an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." Under the second prong of analysis, a worker must generally spend at least 30% of his time in service to the vessel to meet the substantial connection requirement.[19]

Because the PERDIDO is not a vessel,[20] Plaintiff has failed to provide allegations sufficient to show that his duties contributed to, or had any connection with, the function of any vessel or fleet of vessels in navigation. In the absence of such allegations, Plaintiff is not entitled to a seaman's causes of action, including punitive damages[21] and attorneys' fees, from Shell Defendants. These claims are therefore ripe for dismissal, with prejudice.

## IV. ALTERNATIVE RULE 12(e) RELIEF

In the alternative, Shell Defendants move pursuant to Rule 12(e) of the Federal Rules of

---

[18] *Id*. at 5, ¶¶ 17-18.
[19] CV 22-77, 2022 WL 4604964, at *2 (E.D. La. Sept. 30, 2022) *citing Sanchez v. Smart Fabricators of Tex., L.L.C.*, 997 F.3d 564 (5th Cir. 2021)(*en banc*), *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 554 (1997) (*quoting Chandris, Inc. v. Latsis*, 515 U.S. 347 (1995)), and, *Becker v. Tidewater, Inc.*, 335 F.3d 376, 387-88 (5th Cir. 2003).
[20] Fn. 1, *supra*.
[21] In any event, Jones Act seaman are not entitled to punitive damages under the Act or under the General Maritime Law for negligence claims. *See e.g., Snyder v. L & M Botruc Rental, Inc.*, 924 F.Supp.2d 728, 737 (E.D. La.2013).

Civil Procedure for a more definite statement requiring Plaintiffs to identify the alleged facts that form the basis of Plaintiffs' lawsuit. As it currently stands, Plaintiffs' Complaint is so vague and ambiguous that Shell Defendants are not able to determine what alleged acts or omissions make up the basis for Plaintiffs' claims such that Shell Defendants are unable to defend against them.

## V.  CONCLUSION

Plaintiffs have failed to provide factual allegations sufficient to support a cause of action against any of the Shell Defendants. All such claims should be dismissed. In the alternative, the Court may order Plaintiffs to supplement their Complaint to provide a more definite statement.

Dated:  March 10, 2023       Respectfully submitted,

**KUCHLER POLK WEINER, LLC**

*/s/ Mark E. Best*
JANIKA D. POLK (#27608) T.A.
MARK E. BEST (#29090)
1615 Poydras Street, Suite 1300
New Orleans, Louisiana 70112
Telephone: (504) 592-0691
Facsimile: (844) 731-2302
jpolk@kuchlerpolk.com
mbest@kuchlerpolk.com
***Attorneys for Defendants, Shell USA, Inc. (formerly known as Shell Oil Company), Shell Offshore Inc., Shell Exploration & Production Company, and Joseph "Jay" Hollis.***